**Gurcharan SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73016.

Agency No. A79–543–853.

United States Court of Appeals, Ninth Circuit.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted July 12, 2004.*

Decided July 16, 2004.

Surjit Singh, Anaheim, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Dee Lord, Washington, DC, for Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Before HAWKINS, THOMAS and BYBEE, Circuit Judges.

## MEMORANDUM**

Gurcharan Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for the BIA's findings and credibility determinations under the substantial evidence standard, *Wang v. INS*, 352 F.3d 1250, 1253 (9th Cir.2003), and we deny the petition.

Substantial evidence supports the BIA's adverse credibility finding. The BIA offered specific, cogent reasons for its findings based on inconsistencies between Singh's testimony and his declaration going to the heart of his asylum claim, including the length of his detentions, who paid for his release after his first and second arrest, and what occurred during his second detention. *See Chebchoub v.*

*INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Accordingly, Singh failed to establish eligibility for asylum or withholding of removal. *See id.* at 1045; *Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

In addition, substantial evidence supports the denial of relief under CAT. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Singh's motion for stay of removal included a timely request for a stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

## PETITION FOR REVIEW DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.